UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dean Benter,                                        Civil No. 06-3669 (PAM/JSM)

                        Plaintiff,

v.                                                  **MEMORANDUM AND ORDER**

United States of America,

                        Defendant.

_____

This matter is before the Court on Defendant's Motion to Dismiss.  For the reasons that follow, the Court grants the Motion.

**BACKGROUND**

In March 2006, Plaintiff purchased two United States Postal Service (USPS) money orders.  The next month, Plaintiff asked Bruce Muenkel, a USPS employee, whether the money orders had been cashed.  Muenkel said they had not, and Plaintiff therefore paid $6.30 for two money order inquiry forms.  Plaintiff subsequently learned that the money orders had in fact been cashed.

Plaintiff filed a "Statement of Claim and Summons" in Houston County Conciliation Court against Muenkel, alleging that Muenkel embezzled money from him.  Plaintiff did not submit an administrative claim to the USPS before filing his claim in conciliation court.  Defendant[1] removed this case to federal court on September 8, 2006.  Defendant now seeks

_____

[1] On September 22, 2006, the Court granted Muenkel's Motion to Substitute Party, substituting the United States of America as Defendant in Muenkel's place.

to dismiss the case for lack of subject matter jurisdiction because Plaintiff did not submit an administrative claim to the USPS before filing suit.

**DISCUSSION**

Defendant brings its Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1), challenging the Court's subject matter jurisdiction.  A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may challenge the complaint either on its face or on the factual truthfulness of its averments.  Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993).  Defendant is challenging the Complaint on its face.  When a defendant challenges the complaint in this manner, the Court reviews the pleadings and affords the plaintiff the same protections it would receive on a Rule 12(b)(6) motion to dismiss.  See Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990).  The Court takes the factual allegations as true and will dismiss the complaint only if the plaintiff fails to allege an essential element for subject matter jurisdiction.  See Titus, 4 F.3d at 593.  The Court also must draw all reasonable inferences in the non-moving party's favor.  United States v. Stoltz, 327 F.3d 671, 674 (8th Cir. 2003).

By providing a remedy against the United States for tort actions, the Federal Tort Claims Act (FTCA) is a limited waiver of sovereign immunity.  See Melo v. United States, 505 F.2d 1026, 1028 (8th Cir. 1974).  The FTCA provides federal courts with subject matter jurisdiction over civil actions against the United States for damages caused by the negligent or wrongful acts of a federal government employee while acting within the scope of his or her employment.  See 28 U.S.C. § 1346(b).  It is the exclusive remedy for such injuries.  See

2

Anthony v. Runyon, 76 F.3d 210, 212-13 (8th Cir. 1996).  However, before a plaintiff may file suit for an alleged FTCA violation, he must administratively exhaust his claim.

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. . . .

28 U.S.C. § 2675(a).  The requirement is absolute.  If a plaintiff fails to exhaust his administrative remedies, the suit must be dismissed for lack of jurisdiction.  Melo, 505 U.S. at 1028.  A plaintiff may not bypass § 2675 by suing a government employee first in state court.  Meeker v. United States, 435 F.2d 1219, 1222 (8th Cir. 1970).

In this case, Plaintiff did not submit his claim to the USPS for administrative adjudication.  Consequently, the Court lacks subject matter jurisdiction and dismisses the case without prejudice.

**CONCLUSION**

Because Plaintiff did not exhaust his administrative remedies, the Court lacks subject matter jurisdiction over this dispute.  Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Docket No. 5) is **GRANTED**, and the case is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 21, 2006

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge
